**DEKALB COUNTY SCHOOL DISTRICT, Plaintiff,**

v.

**J.W.M. and S.M., as Parents of W.M., Defendants.**

**No. CIV.A.1:06CV0125–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 11, 2006.

Harold N. Eddy, Jr., Weekes & Candler, Decatur, GA, for DeKalb County School District, Plaintiff.

Chris E. Vance, Office of Chris E. Vance, Atlanta, GA, for J.M. as Parent of W.M, S.M. as Parent of W.M, W. M., Defendants.

## ORDER

BATTEN, District Judge.

### I. Background

On January 19, 2006, Plaintiff DeKalb County School District ("DCSD") filed this action as an appeal from the final decision of a State of Georgia Administrative Law Judge (the "ALJ") in the special education due process hearing for W.M., a seven-year-old boy. In 2005 W.M.'s parents, on his behalf, filed two due process hearing

requests alleging that DCSD failed to provide W.M. with a free appropriate public education ("FAPE") as required under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400;[1] Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101. The ALJ concluded in her final decision that W.M. was not offered and did not receive a FAPE from DCSD.

On March 17, 2006, W.M.'s parents filed their answer and counterclaim. Counts one and two of the counterclaim alleged that DCSD restrained W.M. and deprived him of food and that this restraint and deprivation violated his rights under the Eighth Amendment, the ADA, Section 504, and the Fourteenth Amendment. Count three seeks enforcement of the judgment rendered in the ALJ's final decision. Count four appeals the ALJ's decision and requests compensatory education and reimbursement for educational services that W.M.'s parents have provided for him. Finally, count five seeks an award of attorney's fees and costs.

On April 10, 2006, DCSD filed a motion to dismiss W.M.'s[2] counterclaim. W.M. then filed an amended counterclaim,[3] which DCSD has also moved to dismiss.[4]

## II. DCSD's Motion to Dismiss W.M.'s Amended Counterclaim

### A. Standard on Motion to Dismiss

Under Fed.R.Civ.P. 12(b)(6), the party moving for dismissal for failure to state a claim upon which relief can be granted has the burden of proving that a claim has not been stated. To prevail, the movant must show "beyond doubt that the [claimant] can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court accepts the non-moving party's factual allegations as true and draws all reasonable inferences in the non-moving party's favor. The Court also construes the pleader's allegations liberally. *Fuller v. Johannessen,* 76 F.3d 347, 349–50 (11th Cir.1996).

### B. W.M.'s Amended Counterclaim

#### 1. Counts One and Two

DCSD argues that counts one and two of W.M.'s amended counterclaim must be dismissed because W.M. has not exhausted his administrative remedies as to these claims.[5] W.M. disagrees, contending that the record of the due process hearing reflects that he raised his restraint and deprivation claims before the ALJ. In support of this contention, W.M. cites footnote 3 of the ALJ's final decision, where the

---

1. The IDEA was amended by the Individuals with Disabilities Education Improvement Act of 2004, Pub.L. No. 108–446, 118 Stat. 2647 (2004). This amendment took effect July 1, 2005. All IDEA references in this opinion are to the amended version of the IDEA.

2. For ease of reading, throughout this opinion the Court refers to the pleadings and claims of W.M.'s parents as W.M.'s pleadings and claims.

3. W.M.'s amended counterclaim added 42 U.S.C. § 1983 as an additional basis for relief in counts one and two.

4. Because W.M. filed an amended counterclaim, the Court denies as moot DCSD's motion to dismiss W.M.'s original counterclaim.

5. DCSD also contends that counts one and two should be dismissed because (1) they are barred by the two-year statute of limitations for personal injury actions, and (2) they do not meet the pleading requirements contained in Fed.R.Civ.P. 8 and 9(b). The Court does not address these issues, as it grants DCSD's motion to dismiss on other grounds.

ALJ indicates that the issue of restraint had been raised.

■ "The IDEA allows plaintiffs to seek 'remedies available under the Constitution, [the ADA, Section 504], or other Federal Laws protecting the rights of children with disabilities.'" *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1157–58 (11th Cir.2006) (quoting 20 U.S.C. § 1415(*l*)). The IDEA subjects these claims to an exhaustion requirement: "Before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this subsection shall be exhausted to the same extent as would be required had the action been brought under this subchapter." *Id.* at 1158.

■ Claims must first be exhausted in state administrative proceedings whether they are brought pursuant to the IDEA, the ADA, Section 504 or the Constitution. *Id.* Claims for money damages under 42 U.S.C. § 1983 are also subject to the exhaustion requirement. *N.B. by D.G. v. Alachua County Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir.1996). The Eleventh Circuit has held that any student who seeks relief that is available under the IDEA must follow the IDEA's procedural provisions, even if he invokes a different statute. *Id.* (citing *Babicz v. Sch. Bd. of Broward County*, 135 F.3d 1420, 1422 n. 10 (11th Cir.1998)).

W.M. acknowledges that his allegations of restraint and deprivation fall under the IDEA's complaint provision because they "relat[e] to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A). The issue is whether W.M. complied with the exhaustion requirement.

■ W.M. argues that he raised his restraint and deprivation claims at the due process hearing. W.M. initiated the due process hearing by filing two separate due process hearing requests. However, neither of these requests included W.M.'s restraint and deprivation claims. The raising of these claims during the due process hearing itself is insufficient to establish exhaustion. *See M.T.V.*, 446 F.3d at 1159.

■ Section 1415(i)(2)(A) of the IDEA allows parties to file an action challenging an ALJ's decision and provides that "[A]ny party aggrieved by the findings and decision under this subsection shall have the right to bring a civil action with respect to the complaint presented pursuant to this section ...." The plain language of the IDEA required W.M. to file a separate administrative complaint to raise his restraint and deprivation claims and exhaust all administrative remedies with regard thereto before filing a judicial action, but W.M. failed to do so. *See id.* As W.M. has failed to exhaust his administrative remedies, he may not proceed with counts one and two of his counterclaim. Accordingly, the Court grants DCSD's motion to dismiss counts one and two of W.M.'s amended counterclaim.

■ The Court also notes that W.M.'s claims in counts one and two fail to state a claim upon which relief can be granted to the extent that they are based upon the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 667, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) ("The primary purpose of [the Cruel and Unusual Punishments Clause] has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes." (quoting *Powell v. Texas*, 392 U.S. 514, 531–32, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968))).

#### 2. Count Three

Count three of W.M.'s amended counterclaim seeks the enforcement of two provisions of the ALJ's final decision: (1) the

directive that DCSD provide compensatory education of forty hours per week of one-to-one Applied Behavior Analysis/Discrete Trial Training ("ABA/DTT") for fifty-two weeks,[6] and (2) the $14,875 award to W.M. for reimbursement of the cost of private education services provided to W.M. and paid for by his parents.

■ In support of its motion for dismissal of this count of the counterclaim, DCSD cites the IDEA's "stay-put provision" found at 20 U.S.C. § 1415(j). Pursuant to that subsection and 34 C.F.R. § 300(a), during the pendency of any judicial proceeding regarding a due process hearing complaint, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement. However, paragraph (c) of the same regulation provides that if the ALJ agrees with the child's parents that a change of placement is appropriate, that placement is to be treated as an agreement between the State or local agency and the parents for purposes of the subsection and paragraph (a) of the regulation. In other words, a child must remain in his then-current educational placement during the pendency of an appeal unless the ALJ agrees with the child's parents that a change of placement is appropriate.

■ According to DCSD, the ALJ's final decision in this case does not order a change of placement for W.M., so the stay-put provision does not apply. However, the two portions of the ALJ's final decision that W.M. seeks to enforce do not involve a change in his educational placement. Therefore, the issue is whether, during the pendency of the appeal, the Court should order enforcement of provisions of the ALJ's decision that do not order a change

of W.M.'s placement. The Court finds that it should not.

If the Court reverses the ALJ's order, which is the relief DCSD seeks, W.M. obviously will not be entitled to enforce the $14,875 reimbursement award, nor would DCSD be obligated to provide the fifty-two weeks of compensatory education. Conversely, if the Court affirms the ALJ's decision, then DCSD presumably will comply with that decision, including the two provisions that are the subject of count three of W.M.'s amended counterclaim.

■ The Court also finds that enforcement of the two provisions of the ALJ's final decision at issue should be stayed pursuant to Fed.R.Civ.P. 62(d). Although the language of Rule 62(d) suggests that the appellant must always post a supersedeas bond in order to obtain a stay on appeal, case law establishes that the district court has discretion as to the amount of the bond, and in some instances, whether to order the posting of any at all. *See* 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2905, at 522, n. 12 (2d ed.1995).

Appellant DCSD is a governmental entity, and the size of the ALJ's award to W.M. (both the cost of fifty-two weeks of compensatory education and the $14,875 reimbursement award) is relatively modest. W.M. cannot seriously challenge DCSD's ability to enforce the final decision if it is affirmed on appeal by this Court.

Moreover, Fed.R.Civ.P. 62(f) provides as follows:

In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a

---

**6.** ABA/DTT is an intensive one-on-one behavioral intervention program for children with autism. It emphasizes early intervention, parental involvement, and treatment in non-professional settings, like the home or the community.

judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state.

 In Georgia, a judgment is a lien upon the property of a judgment debtor. O.C.G.A. § 9–12–80. And, because DCSD is a county agency, in appeals from decisions in Georgia state courts it is entitled to a stay without having to post a bond. O.C.G.A. § 9–11–62(d). Therefore, because DCSD would be entitled to a stay upon appeal without having to post a supersedeas bond if this appeal had been filed in state court, under Rule 62(f) DCSD is entitled to a stay pending its appeal in this Court.

Accordingly, count three fails to state a claim upon which relief can be granted *at this time*. W.M.'s remedy, in the event that this Court affirms the ALJ's final decision *yet DCSD nevertheless refuses to comply with the ALJ's final decision despite such affirmance*, is not ripe for adjudication. Therefore, W.M.'s claim in count three of his amended counterclaim for enforcement of two provisions of the ALJ's final decision must be dismissed without prejudice, and DCSD's motion is granted.

### 3. Count Four

In count four of his amended counterclaim, W.M. appeals portions of the ALJ's final decision. The Court will first address two arguments raised by DCSD that apply to the entirety of court four of W.M.'s amended counterclaim.

First, DCSD argues that count four does not state a cause of action because W.M. (1) does not allege that he is appealing the ALJ's final decision, (2) fails to cite to specific factual findings with which he disagrees, and (3) does not allege that he has filed a petition for judicial review with the Georgia Office of State Administrative Hearings ("OSAH") in accordance with OSAH Rule 39. The Court rejects these arguments.

Applying the rule that pleadings are to be liberally construed, it is apparent that W.M. is in fact appealing the ALJ's decision. Moreover, DCSD cites no rule of law, and the Court is aware of none, to the effect that W.M.'s appeal is defective because it fails to cite specific factual findings with which W.M. disagrees or because it fails to allege that he has filed a petition for judicial review with OSAH.

Next, DCSD argues that count four should be dismissed because it is time-barred. W.M.'s due process action giving rise to this litigation was brought under the 1997 version of the IDEA. Since the 1997 IDEA did not prescribe a particular statute of limitations, courts evaluating these claims had to "borrow" statutes of limitations from state law. *Cory D. v. Burke County Sch. Dist.*, 285 F.3d 1294 (11th Cir.2002). DCSD argues that the thirty-day statute of limitations period in the Georgia Administrative Procedure Act, O.C.G.A. § 50–13–19(b), should apply. Thus, according to DCSD, W.M. was required to bring his appeal by January 19, 2006—thirty days after the December 20, 2005, final decision. W.M. did not file his original counterclaim until March 14, 2006.

In response, W.M. argues that this appeal is governed by the 2004 version of the IDEA, which provides a statute of limitations of ninety days from the date of the decision to bring an action. 20 U.S.C. § 1415(i)(2)(B).

 The Court finds that the version of the IDEA to be applied with respect to appeals from final decisions in due process hearings is the version in effect on the date of the decision being appealed. The 2004 IDEA went into effect on July 1, 2005, and thus was in effect when the ALJ entered her final decision on December 20, 2005. Accordingly, the applicable appeal

period is ninety days, and W.M.'s counterclaim, filed March 14, 2006 (eighty-four days after the December 20, 2005, final decision) is timely.

The Court will now turn to the specifics of W.M.'s appeal. In count four of his amended counterclaim, W.M. contends that the ALJ erred by limiting the compensatory education award. Citing *Mandy S. v. Fulton County School District*, 205 F.Supp.2d 1358 (N.D.Ga.2000), the ALJ found that the applicable statute of limitations was O.C.G.A. § 9–3–33, which provides for a two-year limitations period.

Because W.M. filed his first due process hearing request on January 20, 2005, the ALJ found that the only Individual Education Programs at issue were those developed on or after January 20, 2003. W.M. argued that *Mandy* was inapplicable because the statute of limitations was tolled by DCSD's fraud.[7] According to W.M., DCSD concealed information from, and misrepresented information to, W.M.'s parents regarding W.M.'s disability.

The ALJ rejected this argument. W.M. appeals this decision and alleges that he is entitled to additional compensatory education and additional reimbursement based on DCSD's failure to comply with the IDEA prior to January 20, 2003.

DCSD contends that these allegations are subject to Fed.R.Civ.P. 9(f), which provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." DCSD contends that W.M. has failed to comply with this pleading requirement.

DCSD further contends that even if W.M.'s allegations are true, his claim was time-barred and that the ALJ correctly rejected it. Specifically, DCSD asserts that the record from the ALJ hearing below reflects beyond dispute [8] that W.M.'s parents knew by October 2002 that W.M. was autistic and that because they waited more than two years from that date—until January 20, 2005—to file a due process hearing request, any claim based upon regarding DCSD's alleged IDEA failures is time-barred. The Court agrees.

 The transcript of the ALJ hearing includes the testimony of W.M.'s mother that she and her husband "got the diagnosis in October of 2002" that W.M. was autistic. Thus, even if DCSD fraudulently concealed matters pertaining to W.M.'s condition so as to toll the two-year limitations period prior to October 2002, by October 2002 W.M.'s parents had actual knowledge of W.M.'s true condition and the tolling stopped. Accordingly, W.M.'s claim for fraudulent concealment had to be asserted within two years of October 2002 in order to not be barred by the two-year statute of limitations. O.C.G.A. § 9–3–33 (1982); *Mandy, supra.* W.M. did not assert his concealment claim until he filed his January 2005 due process hearing request. Therefore, W.M.'s concealment claim is time-barred, and DCSD's motion to dismiss count four is granted.

### 4. Count Five

 In count five of his amended counterclaim, W.M. seeks to recover attorneys' fees and costs. Section 1415(i)(3)(B)(i)(I)

---

7. *See* O.C.G.A. § 9–3–96 (1982).

8. On a motion to dismiss for failure to state a claim, ordinarily the Court cannot consider matters outside the parties' pleadings. Here, however, in an appeal from an administrative hearing in which the hearing record, including the transcript, must be included with the

initial pleading seeking review (20 U.S.C.A. § 1415(i)(2)(C)(i) (West.Supp.2006)), there can be *no genuine dispute* as to the authenticity of the hearing transcript. *Cf. Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (noting that court may review matters outside pleadings in deciding 12(b)(1) motion).

of the IDEA allows the Court, in its discretion, to award reasonable attorneys' fees to the parents of a child with a disability who is the prevailing party. The correct procedural method for obtaining an award of fees and costs is to file a motion, not a claim within a pleading. Fed. R.Civ.P. 54(d)(2); *accord District of Columbia v. R.R.*, 390 F.Supp.2d 38 (D.D.C. 2005) (defendants-parents allowed to file motion for attorneys' fees despite dismissal of their counterclaim).

Accordingly, the Court grants DCSD's motion to dismiss count five of W.M.'s amended counterclaim. Should W.M. seek to recover his attorneys' fees and costs, he may file a motion for same after disposition of the parties' substantive claims, in accordance with Rule 54(d)(2).

### III. W.M.'s Motion for Leave to Amend the Counterclaim

On April 26, 2006, W.M. filed a motion for leave to amend [13] the counterclaim "should this Court conclude any amendments to Defendants' first amended counterclaims are necessary." Because the Court is granting DCSD's motion on grounds other than insufficient pleading, W.M.'s motion for leave to amend "if necessary" is denied.

### IV. Conclusion

The Court (1) DENIES as moot Plaintiff's motion to dismiss Defendants' original counterclaim [10]; (2) GRANTS Plaintiff's motion to dismiss Defendants' amended counterclaim [15]; and (3) DENIES Defendants' motion for leave to amend [13].