**EL PASO INDEPENDENT SCHOOL DISTRICT, Plaintiff,**

v.

**RICHARD R., as next friend of R.R., et. al, Defendants.**

**R.R., by his next friend, E.R., Plaintiffs,**

v.

**El Paso Independent School District, Defendant.**

No. EP–07–CV–125–KC.

United States District Court, W.D. Texas, El Paso Division.

Dec. 8, 2008.

Joe Ruben Tanguma, Walsh, Anderson, Brown, Schulze & Aldridge, PC, Irving, TX, Charles Mark Berry, Attorney at Law, El Paso, TX, for Plaintiffs.

Charles Mark Berry, Attorney at Law, Colbert N. Coldwell, Guevara, Rebe, Bumann, Coldwell & Reedman, El Paso, TX, Joe Ruben Tanguma, Walsh, Anderson, Brown, Schulze & Aldridge, PC, Irving, TX, for Defendant.

## *ORDER*

KATHLEEN CARDONE, District Judge.

On this day, the Court considered Plaintiff R.R.'s "Motion to Alter or Amend Judgment" ("Motion to Amend") (Doc. No. 59); Plaintiff R.R.'s "Motion for Entry of Judgment" ("Motion for Entry") (Doc. No. 60); Defendant El Paso Independent School District's "Motion for Stay of Judgment and Orders, or[,] Alternatively, Motion to Approve *Supersedeas* Bond" ("Defendant's Motion") (Doc. No. 68); Plaintiff R.R.'s "Motion to Order Board of Trustees of the El Paso Independent School District to Comply With the Court's Order of August 22, 2008[,] and Memorandum in Support" ("Plaintiff's Response") (Doc. No. 69)[1]; and Defendant El Paso Independent School District's "Reply to R.R.'s Response to Motion for Stay of Judgment and Orders, or[,] Alternatively, Motion to Approve *Supersedeas* Bond" ("Defendant's Reply") (Doc. No. 71). For the reasons set forth herein, Plaintiff R.R.'s Motions are **GRANTED IN PART** and **DENIED IN PART,**[2] and Defendant El Paso Independent School District's Motion is **GRANTED.**

## I. BACKGROUND

On July 14, 2008 this Court entered an Order granting summary judgment for Plaintiff R.R. ("Plaintiff"). *See El Paso Indep. Sch. Dist. v. Richard R.,* 567 F.Supp.2d 918 (W.D.Tex.2008) (Doc. No. 49). In that Order, the Court ordered Plaintiff to submit his request for attorney fees "pursuant to the applicable Local Rule of the Western District of Texas." *Id.* at 952 (citation omitted). On August 13, 2008, this Court's Clerk entered a judgment dismissing the instant case and all claims therein. (Doc. No. 53). On August 25, 2008, this Court entered an Order ("Attorney Fees Order") ordering Defendant El Paso Independent School District ("De-

---

1. This document responds to the arguments made in Defendant's Motion. Its title presumably refers to the fact that Plaintiff is "moving" to have this Court deny Defendant's Motion.

2. The Court will consider these Motions together because, as explained in the section of this Order discussing Plaintiff's Motions, the arguments and requests in the Motions substantially overlap.

fendant") to remit to Plaintiff $45,804.00 in attorney fees. (Doc. No. 57).

On August 26, 2008, Plaintiff filed his Motion to Amend, requesting that this Court amend the Clerk's judgment to reflect the Court's Attorney Fees Order, that this Court award Plaintiff attorney fees as costs, and that this Court award Plaintiff "other costs of suit." Mot. to Amend 3. Also on August 26, 2008, Plaintiff filed his Motion for Entry, which repeated the requests in Plaintiff's Motion to Amend, but added a request for post-judgment interest. Mot. for Entry 2. Plaintiff also filed a Bill of Costs, which stated that he incurred $350.00 in non-attorney fee costs. (Doc. No. 61).

On August 26, 2008, Defendant filed an Amended Notice of Appeal. (Doc. No. 63). That Notice stated, inter alia, that Defendant was appealing to the United States Court of Appeals for the Fifth Circuit from this Court's Attorney Fees Order. *Id.* at 2. Thereafter, on October 22, 2008, Defendant filed its Motion with this Court. *See* Def.'s Mot. The Motion requested that this Court stay the execution of its Attorney Fees Order pending resolution of Defendant's appeal or, alternatively, set a supersedeas bond to secure compliance with its Attorney Fees Order pending resolution of Defendant's appeal. *Id.* at 6. On October 29, 2008, Plaintiff filed his Response, and on October 31, 2008, Defendant filed its Reply.

## II. DISCUSSION

### A. Plaintiff's Motions

■ Plaintiff argues that this Court should amend the judgment entered by this Court's Clerk to reflect the Court's Attorney Fees Order. Mot. to Amend 3; Mot. for Entry 2. Such an amendment is discretionary. *See* FED.R.CIV.P. 58(a)(3) ("[A] separate document is not required for an order disposing of a motion ... for

attorney's fees under Rule 54."). In this case, an amendment is unwarranted. Federal Rule of Civil Procedure 54(d)(2)(B)(i) states that, absent a statute or a court order providing otherwise, motions for attorney fees must "be filed no later than 14 days *after the entry of judgment.*" FED. R.CIV.P. 54(d)(2)(B)(i) (emphasis added); *accord* W.D. TEX. Loc. R. CV–7(i). This rule plainly contemplates that such motions are to be disposed of separately from a judgment entered by a Court's Clerk. Otherwise, the Clerk's judgment would function as a placeholder, awaiting amendment in all cases where separate attorney fee motions may be filed. Accordingly, this Court will dispose of Plaintiff's Motions in this Order.

■ Plaintiff requests that the attorney fees previously awarded to Plaintiff be awarded as costs. Mot. to Amend 2; Mot. for Entry 3. The statute under which this Court granted those fees provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs...." 20 U.S.C. § 1415(i)(3)(B)(i). Plaintiff does not explain how, if at all, awarding fees as costs would affect this case. *Cf. Alberti v. Klevenhagen,* 46 F.3d 1347, 1363 (5th Cir.1995) ("[A]n assessment of costs against the state is not prohibited by the state's Eleventh Amendment immunity.") (quoting *Gary W. v. Louisiana,* 601 F.2d 240, 246 (5th Cir. 1979)). Nevertheless, this Court holds that any attorney fees awarded to Plaintiff shall be treated as costs.

In his Motions, Plaintiff further requests that this Court award him other costs of suit. *See* Mot. for Entry at 2; Mot. to Amend 2. A prevailing party is entitled to costs of suit "[u]nless a federal statute, these rules, or a court order provides otherwise...." FED.R.CIV.P. 54(d)(1). Plaintiff is a prevailing party. *See Richard R.,*

567 F.Supp.2d at 952. The statute under which the instant case was brought expressly allows for costs. *See* 20 U.S.C. § 1415(i)(3)(B)(i). Plaintiff has also submitted to the Court a Bill of Costs, and Defendant has not contested this Bill. *See Knighton v. Watkins,* 616 F.2d 795, 798 (5th Cir.1980) ("there is no jurisdictional time limit on the filing of a motion seeking [costs]").[3] Accordingly, Plaintiff is entitled to non-attorney fee costs in the amount of $350.00.

 Finally, Plaintiff requests that this Court grant Plaintiff interest on his attorney fees and on his other costs. *See* Mot. for Entry at 2. Plaintiff is entitled to interest on both.[4] "If attorneys' fees are a part of costs, they will bear interest as costs." *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542, 544 (5th Cir.1983) (en banc). Because Plaintiff is entitled to non-attorney fee costs as a matter of course, interest on those costs is to run from the date of this Court's Order granting summary judgment for Plaintiff. *See id.,* at 544–45. However, because attorney fees are discretionary under the underlying statute, *see* 20 U.S.C. § 1415(i)(3)(B)(i), and were not granted until this Court's Attorney Fees Order, interest on Plaintiff's attorney fee costs will run from the date of that Order. *See id.* at 545.

## B. Defendant's Motions

In its Motion, Defendant asks that this Court stay execution of its Attorney Fee Order pending final determination of Defendant's appeal, or, alternatively, that this Court set an appropriate supersedeas bond pending that determination. Def.'s Mot. 6. Nevertheless, Defendant maintains that

setting such a bond is a "wasteful burden on taxpayers." Def.'s Reply 4. In his Response, Plaintiff argues that granting Defendant's Motion is incongruous with this Court's "power to enforce [its] orders." Pl.'s Resp. 4.

Defendant first argues that it is entitled to a stay of this Court's Orders without posting a bond because Defendant is so entitled under Texas law. Def.'s Mot 3–4. Defendant cites the second clause of Federal Rule of Civil Procedure 62(f), which states that "the judgment debtor is entitled to the same stay of execution the state court would give." FED.R.CIV.P. 62(f). However, Defendant fails to discuss, or even mention, the first clause, which states that state law applies to a stay of execution "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located." *Id.*

In Texas, a lien is created when an "*abstract of judgment* . . . is recorded and indexed . . . ." TEX. PROP.CODE ANN. 52.001 (Vernon 2007) (emphasis added). The Fifth Circuit has not considered whether a Texas judgment is a lien on the judgment debtor's property such that Rule 62(f) applies and state law controls stays of execution, though it has considered the issue under the laws of other states. *Cf. Whitehead v. Food Max of Miss., Inc.,* 332 F.3d 796, 801 (5th Cir.2003) ("Nothing in the record indicates . . . that the [Mississippi] judgment did not constitute a lien. . . ."); *Castillo v. Montelepre, Inc.,* 999 F.2d 931, 942 n. 10 (5th Cir.1993) ("In Louisiana, the filing of a judgment . . . . creates a 'judicial mortgage.'") (citation omitted); *State Bank & Trust Co. v. "D.J. Griffin" Boat,*

---

3. There is also no such time limit under this Court's Local Rules.

4. "[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961.

926 F.2d 449, 450 (5th Cir.1991) ("It is not contested that in Louisiana a judgment acts as a lien upon the property of the judgment debtor.") However, two district courts have held that a Texas judgment is a lien for Rule 62(f) purposes. In *Euromed, Inc. v. Gaylor*, No. 3–97–CV–0322–H, 1999 WL 46224, 1999 U.S. Dist. LEXIS 783 (N.D.Tex. January 22, 1999), the court stated that, "[u]nder Texas law, a properly recorded judgment does constitute a lien on the real property of the judgment debtor." *Euromed*, 1999 WL 46224 at *1, 1999 U.S. Dist. LEXIS 783 at *1. And, in *Umbrella Bank v. Jamison*, 341 B.R. 835 (W.D.Tex.2006), the court reasoned that because the Fifth Circuit, in *Castillo*, held that a Louisiana judgment is a lien, and because the Texas statute is similar to the Louisiana statute, a Texas judgment is also a lien. *Jamison*, 341 B.R. at 842–43 (W.D.Tex.2006) ("[T]he ministerial act of recording an abstract of judgment in a Texas county suffices to satisfy Rule 62(f)[ ] . . . .")

■■ This Court disagrees with the holdings in *Euromed* and *Jamison*, and, applying the first clause of Rule 62(f), holds that a Texas judgment is not a lien such that Texas law determines whether Defendant is entitled to a stay in federal court. By its plain language, Rule 62(f) applies when "a judgment is a lien on the judgment debtor's property . . . ." FED. R.CIV.P. 62(f). In Louisiana, a lien is created "by filing a judgment . . . ." LA. CIV. CODE art. 3300. Once filed, the judgment itself creates the lien, and this Court is aware of no other requirements with which the judgment creditor must comply. By contrast, "[u]nder Texas law, no lien is created by the mere rendition of a judgment." *White v. FDIC*, 19 F.3d 249, 251 (5th Cir.1994). Instead, an abstract of judgment is required. TEX. PROP.CODE

ANN. 52.001 (Vernon 2007). This difference is dispositive.

■ While the filing of a judgment under the Louisiana law is indeed a ministerial act, *Jamison*, 341 B.R. at 842, a Texas abstract of judgment must contain seven elements not necessarily contained in the judgment. *See* TEX. PROP.CODE ANN. 52.003 (Vernon 2007). "Since a judgment lien is statutorily created, substantial compliance with the statutory requirements is mandatory before a judgment creditor's lien will attach." *Wilson v. Dvorak*, 228 S.W.3d 228, 233 (Tex.App.2007) (quotation omitted). Additionally, "it is the judgment creditor's responsibility to ensure that the clerk abstracts the judgment properly." *Olivares v. Birdie L. Nix Trust*, 126 S.W.3d 242, 248 (Tex.App.2003). For example, an abstract identifying a judgment debtor by her maiden name rather than her married name does not create a lien. Wilson, 228 S.W.3d at 236. The additional requirements under the Texas statute, which apply to abstracts of judgment but not to judgments themselves, are sufficient for this Court to conclude that a Texas judgment is not a lien for the purposes of Rule 62(f).

Finally, even if the difference between a judgment and an abstract of judgment were a purely formal one, it is nevertheless dispositive for purposes of Rule 62(f). This Court considers it significant that, when interpreting whether a Louisiana judgment is a lien, the Fifth Circuit stated that the "obvious purpose" behind Rule 62(f)—to ensure that judgment debtors receive the same treatment in state court as in federal court—"is qualified by the requirement that the state forum treat a judgment as a lien . . . on the property of judgment debtors." *Castillo*, 999 F.2d at 941. This qualification plainly does not apply to Texas judgments. Because the language of Rule 62(f) requires that a

judgment be a lien under state law before that law determines whether a federal court is to grant a stay of execution, and a judgment cannot be a lien under Texas law, this Court will not consider Texas law when determining whether Defendant is entitled to a stay. *Compare Elias Bros. Restaurants v. Acorn Enters.*, 931 F.Supp. 930, 938–39 (D.Mass.1996) ("[U]nlike Louisiana law upon which [defendants] rely, under Massachusetts law, a judgment alone is not, in the words of the Rule, a lien ....") (citation omitted), *with Smith v. Maywood*, NO 84 3269, 1991 WL 277629, at *1, 1991 U.S. Dist. LEXIS 19625, at *3 (N.D.Ill. Dec. 20, 1991) (state law controls stays of execution where "the judgment ... would be a lien ... once a [party] files a certified copy of the judgment.").

In his Response, Plaintiff argues that this Court should not stay execution under any circumstances. *See* Pl.'s Resp. 4. Plaintiff states that because parties must generally comply with a court's order, this Court should deny Defendant's Motion. Pl.'s Resp. 3. This argument is unavailing. Defendant is not disobeying this Court's Order, but is instead is moving to stay that Order. If the latter were tantamount to the former, then any party moving to stay execution of a judgment would be required to execute the judgment before that party's motion is resolved. Such a result would be absurd.

Next, Plaintiff argues that this Court should deny Defendant's Motion because "Rule 62[ ] ... applies to judgments [but] it does not apply to the Court's Order to pay attorney fees." Pl.'s Resp. 3–4; FED. R.CIV.P. 62.[5] This distinction is unsup-

ported by precedent. *See, e.g., In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 231 (5th Cir.2008) (district court violated Rule 62 when it did not impose an ten-day automatic stay on the enforcement of its order awarding attorney fees). Accordingly, this Court will consider whether Defendant is entitled to a stay under Rule 62.

 Federal Rule of Civil Procedure 62(d) "establishes a general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463–64 (5th Cir.1990); *see* FED.R.CIV.P. 62(d). The Fifth Circuit has recognized an exception to this rule in situations where a party "objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining the same degree of solvency during the period of the appeal." *Enserch*, 918 F.2d at 464 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979)). However, "[i]f a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove*, 600 F.2d at 1191 ("[A] supersedeas bond is a privilege extended to the judgment debtor as a price of interdicting the validity of an order to pay money[.]").

Defendant argues that this Court should not require Defendant to post a supersede-

---

5. The only authority Plaintiff cites for this argument is *Ex parte Robinson*, 86 U.S. 505, 19 Wall. 505, 22 L.Ed. 205 (1874). That case stands for the proposition that the United States Courts may not disbar an attorney for "nothing more than an insinuation" that the

attorney advised a witness to absent himself. *Ex parte Robinson*, 86 U.S. 505, 510–11, 19 Wall. 505, 22 L.Ed. 205 (1874). It does not stand for the proposition that orders to pay attorney fees are exempt from stays of execution.

as bond. *See* Def.'s Mot. 3. However, despite Defendant's burden to objectively demonstrate why this Court should depart from a bond requirement, Defendant's showing consists solely of an averment that "it is not going to vanish tomorrow" and will not "be able to hide resources and assets." Def.'s Mot. 2. Defendant also cites several cases in which courts have applied *state* law to determine that a state governmental entity is not required to post a bond with a federal court. *See id.* at 4–6. However, under federal law, Defendant must provide this Court with more than an unsupported assertion. *See, e.g., Waffenschmidt v. MacKay,* 763 F.2d 711, 727 (5th Cir.1985) ("the district court reviewed [judgment debtor's] assets"); *Northern Indiana Public Service Co. v. Carbon County Coal Co.,* 799 F.2d 265, 281 (7th Cir.1986) ("[party] has assets of more than $4 billion dollars"); *Federal Prescription Serv. v. American Pharmaceutical Ass'n,* 636 F.2d 755, 761 (D.C.Cir.1980) ("the documented net worth of the judgment debtor ... was about 47 times the amount of the damage award"). Providing no actual facts, Defendant essentially asks that this Court take judicial notice that Plaintiff will easily be able to collect from Defendant. This Court is not prepared to do so.

Even if this Court were to agree that Defendant will not "vanish tomorrow" or "hide resources," Def.'s Mot. 2, this does not mean that Defendant can "facilely respond to a money judgment." *Enserch,* 918 F.2d at 464. This distinction is especially important where, as here, a judgment debtor is a governmental entity. First, Defendant has not explained how Plaintiff would collect from Defendant. In *Dillon v. City of Chicago,* 866 F.2d 902 (7th Cir.1988), the court waived a bond requirement only after the city "submitted affidavits ... outlining the mode of payment of [ ] judgments" and pointed to the "budget of the relevant departmental unit"

to which funds for payment of judgment are appropriated. *Dillon,* 866 F.2d at 905 (7th Cir.1988). Based on this information, the court held that "the complexity of the collection process" was not prohibitive. *Id.* at 904. In this case, Defendant has not provided any such information. Second, while Defendant has stated that it is generally solvent, the Court is unaware whether Defendant's funds may be used for this particular purpose. *See, e.g., Lightfoot v. Walker,* 797 F.2d 505, 506 (7th Cir.1986) ("[the] procedure for collecting a judgment against the State [of Illinois] is not only cumbersome and time consuming, but uncertain in outcome, since the judgment cannot be paid unless and until the State legislature votes to appropriate the money necessary to pay it."). Because Defendant has failed to meet its burden to demonstrate why this Court should waive or depart from a supersedeas bond requirement, Defendant must post a full supersedeas bond with this Court.

## C. CONCLUSION

For the reasons set forth herein, Plaintiff's Motions (Docs. No. 59, 60) are **GRANTED** in part and **DENIED** in part. Defendant's Motion (Doc. No. 68) is **GRANTED.**

This Court's Order of August 25, 2008 (Doc. No. 57) is hereby **AMENDED** such that Defendant must remit to Plaintiff attorney fees as costs in the amount of $45,804.00, plus interest at the rate of 2.12% to be computed daily from August 25, 2008, and other costs in the amount of $350.00, plus interest at the rate of 2.25% to be computed daily from July 14, 2008.

The monetary portions of this Court's Order of August 25, 2008, are **STAYED**— pending final resolution of Defendant's appeal—upon Defendant's posting of a bond, in the amount of $46,154.00, by no later

than January 7, 2009, and pursuant to applicable Local Rules of the Western District of Texas. *See* W.D. TEX. LOC. R. CV–67.

**SO ORDERED.**