Mrs. Agnes McINTIRE et vir, Appellants,

v.

Felix James SAWICKI et ux., Appellees.

No. 3665.

Court of Civil Appeals of Texas.

Eastland.

Jan. 26, 1962.

Rehearing Denied Feb. 23, 1962.

Bernard Kay and Robert L. Jones, Houston, for appellants.

DeLange, Hudspeth & Pitman, Houston, for appellees.

WALTER, Justice.

Mrs. Agnes McIntire, joined by her husband, J. O. McIntire, filed suit against Felix James Sawicki and wife Dan Sawicki to foreclose a judgment lien against a house and lot in the City of Houston.

In a non jury trial, judgment was rendered for defendants. The McIntires have appealed contending the court erred (1) in holding that the Sawickis were bona fide purchasers, (2) in holding the abstract of judgment was insufficient to fix a lien against said property, (3) in failing to find the acknowledgment defective in the deed from Monger to Sawicki, (4) in failing to hold certain requests for admissions confessed because of a defective affidavit to the reply, (5) in finding that the $750.00 paid by Richardson to McIntire was part payment of said judgment, and (6) in finding that the property in controversy constituted the homestead of Frank Monger and wife.

Before this case was filed, the McIntires filed suit against Frank Munger and John H. Richardson, seeking to recover against Munger on a promissory note and against Richardson as transferee of certain stock from Munger without having complied with the Bulk Sales Act. Richardson filed a plea of privilege which was sustained. There-

after, on November 23, 1951, judgment was rendered for the McIntires against Frank Munger for $6,997.66.

On April 2, 1952, the McIntires collected $750.00 from Richardson which amount was to be applied on the judgment. On May 29, 1952, an abstract of judgment was issued on the McIntire judgment against Frank Munger for $6,997.66, which revealed no credit on the judgment. The abstract was indexed under the name of "Munger, Frank", as the defendant in judgment and Mrs. Agnes McIntire and J. O. McIntire as plaintiffs. On May 10, 1956, Frank Monger and wife conveyed the property to the Sawickis. Said property had theretofore been conveyed to Frank A. Monger and wife Annie Monger. The McIntires' judgment was against Frank Munger. As shown by his birth certificate Frank Munger's correct name is Frank Augustus Monger. He was married under the name of Monger, his children are known as Monger, they are enrolled in school under the name of Monger and their birth certificates are in the name of Monger. Mrs. Monger testified that she had never used the name Munger. However, it is conceded that the judgment debtor and owner of the property in controversy are one and the same man. The name appearing in the abstract of judgment, however, was not the name of the owner of the property.

■ Among other things, an abstract of judgment must show the amount of the judgment and the balance due thereon and the name of the defendant in such judgment. Art. 5447, Vernon's Annotated Civil Statutes. We hold the abstract of judgment did not create a lien against the property in controversy (1) because the judgment was against "Frank Munger" and the record title to the property was in the name of Frank A. Monger and wife, Annie Monger, and (2) the judgment failed to show the $750.00 credit at the time it was filed for record, as required by statute.

■ In his findings of fact, the court concluded the property in controversy was the homestead of Frank Monger and wife. This finding is supported by evidence of probative value. This is another reason the abstract of judgment did not create a lien against the property.

■■ The McIntires filed a request for admissions under rule 169, Texas Rules of Civil Procedure. Sawicki's attorney filed a reply to such request wherein he admitted eight of the requested matters and denied ten and stated he was unable to admit or deny one of the matters requested. The McIntires filed a motion to have all of such requests deemed admitted against the Sawickis because the affidavit to such reply was limited, "to the best of the knowledge and belief of affiant." After the motion was filed, the court permitted Mrs. Sawicki to make and file an additional affidavit wherein she made a proper affidavit in so far as all of the replies to plaintiffs' request for admissions are concerned except Nos. 12, 13, 14 and 15. A reply to a request for admissions made on information and belief, or to the best of the knowledge and belief of the affiant, is not sufficient under Rule 169, T.R.C.P. See Durrett v. Boger, Tex.Civ.App., 234 S.W.2d 898 (No Writ history.) We hold that Sawickis' replies Nos. 12, 13, 14 and 15 to the request for admissions were not properly verified. These replies were made in answer to requests for admissions seeking to establish the fact that Mr. Sawicki was acquainted with Frank Monger prior to January 1953; that Sawicki was acquainted with Frank Monger and continued to be well acquainted with him until 1956; that Sawicki knew that Frank Monger sometimes used the name Frank Munger and that Sawicki knew that Frank Monger was also known as Frank Munger. However, in the court's findings of fact, he concluded that Sawicki and his wife knew prior to May 10, 1956, (the date of their purchase of the property in controversy), that Frank A. Monger was also sometimes known as Frank Munger. We hold the appellants have failed to discharge their burden of showing from the record as a whole that the court's fail-

ure to deem the matters admitted amounted to such a denial of appellants' rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Rule 434, T.R.C.P.

We have examined all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.