# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00392-CV

**Shelby Longoria, Appellant**

**v.**

**Wayne Rutland, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 11091, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Shelby Longoria appeals from the trial court's order granting his motion to reconsider a prior order granting an application for turnover relief filed by appellee Wayne Rutland. Longoria was the prevailing party in the trial court proceedings, but seeks to appeal certain superfluous findings of fact and conclusions of law issued by the trial court. Because Longoria was not aggrieved by the trial court's judgment and therefore lacks standing to bring this appeal, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

In January 1987, Rutland sued Longoria to collect on a promissory note owed by a partnership in which Longoria was a partner. Longoria agreed to a judgment on the debt, and on May 19, 1987, the trial court entered judgment awarding Rutland $180,495.66, plus $6,000 in attorney's fees. The judgment went uncollected, and on January 10, 1997, a writ of execution was

issued and returned nulla bona.[1]  This writ, issued just under ten years after the judgment was rendered, served to extend the judgment for another ten years under section 34.001 of the civil practice and remedies code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (West Supp. 2009). Section 34.001 provides that a judgment becomes dormant unless a writ of execution is issued within ten years after rendition of the judgment.  *Id.* § 34.001(a).  If a writ of execution *is* issued within ten years of rendition, the judgment becomes dormant ten years after issuance of the writ, unless a second writ of execution is issued within ten years of the first writ.  *Id.* § 34.001(b).  Once a judgment becomes dormant, no writ of execution may issue unless the judgment is revived.  *Id.*; *see also id.* § 31.006 (West 2008) (governing revival of judgments).

In August 2008, Rutland filed an application for turnover relief and appointment of a receiver, asserting that the judgment remained unsatisfied.  After a hearing, the trial court granted Rutland's requested relief.  Longoria then filed a motion to reconsider the turnover order, arguing that the original judgment fell dormant ten years after the writ of execution was issued in January 1997, and was therefore unenforceable because it had never been revived.

At the hearing on Longoria's motion to reconsider, there was some discussion of the existence of a second writ of execution, purportedly issued on February 7, 2000, and returned nulla bona.  This second writ was not entered in the trial court's execution docket, nor was it properly filed in the trial court at the time of the hearing.[2]  Longoria disputed the authenticity and validity of the

---

[1]  A writ of execution is returned nulla bona when the judgment debtor has no seizable property within the jurisdiction.  *See Wilson v. Dvorak*, 228 S.W.3d 228, 230 n.1 (Tex. App.—San Antonio 2007, pet. denied).

[2]  At the hearing, the trial court noted that the writ had been "in the file actually loose."  The writ was later filed in the trial court on February 19, 2009, after the trial court allowed Rutledge to supplement the record.

document purportedly representing the February 2000 writ, but the trial court ultimately concluded that it was valid, stating, "The Court observes that it has what was the customary form used by the clerk back then." Based on the existence of this February 2000 writ, the trial court reached the conclusion that the original judgment did not become dormant ten years after the first writ was issued on January 10, 1997, but was extended for ten more years after the February 2000 writ.[3]

Longoria also argued at the reconsideration hearing that even if the February 2000 writ operated to extend the judgment, Rutland had failed to show that he was the current owner of the judgment, as he had previously assigned his interest in the judgment to certain third parties. The trial court agreed and issued an order granting the motion to reconsider and denying Rutland's request for turnover relief on the ground that Rutland had not established that he was the owner of the judgment at the time he initiated the turnover proceedings. The trial court's order also included the following findings of fact and conclusions of law:

<u>Findings of Fact</u>

1. The document filed in the District Clerk's office on February 19, 2009, Writ of Execution, is genuine and was originally issued by the then duly elected and serving District Clerk of Burnet County, Texas.

2. Said document bears the original signature of District Clerk Kathy Barrow of which the Court takes judicial notice, having been thoroughly familiar with her signature for many years.

---

[3] The record reflects that another writ of execution was issued on February 2, 2007. Because this February 2 writ was issued more than ten years after the first writ was issued on January 10, 1997, the February 2, 2007 writ could not have prevented the judgment from becoming dormant if in fact the February 7, 2000 writ was not valid. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (West Supp. 2009).

3.      The date of issuance on the face of said document is February 7, 2000.

4.      Such date is less than 10 years from the date of the issuance of the preceding Writ of Execution, the issuance of which is not contested.

5.      The document bears a receipt stamp of the Sheriff of Hidalgo County, Texas dated February 10, 2000.

6.      The document was received by such Sheriff on that date.

7.      On the same date, the Sheriff endorsed the return "nulla bona" on the form provided.

8.      The document was not "returned" until February 19, 2009, the date of actual filing in the office of the District Clerk of Burnet County.

9.      The Judgment the subject of this action was assigned to Thomas Glen McMichael, *et al* on March 29, 2000.

10.     At the time of the instant action for collection of the judgment, Thomas Glen McMichael, *et al* remained the record owner of the Judgment insofar as the Court's records indicate.

Conclusions of Law

1.      The document dated February 7, 2000 is a validly issued Writ of Execution.

2.      Said Writ was issued in time to keep the Judgment "alive."

3.      The said Writ was delivered to an officer for execution within the period of time required by law.

4.      The late return of the said Writ on February 19, 2009 does not vitiate the effect of the issuance of the Writ to renew the judgment in February of 2000.

5.      The Judgment date has been extended until 10 years after February 7, 2000.

6.      The nominal plaintiff, Wayne Rutland, was not authorized on August 18, 2008 to institute the Application for Turnover Relief.

Longoria filed a motion to modify the judgment, requesting that the trial court delete those findings and conclusions related to the validity of the February 2000 writ of execution. The trial court denied Longoria's motion to modify, and this appeal followed.

## DISCUSSION

In a single issue on appeal, Longoria argues that the trial court erred in making superfluous findings of fact and conclusions of law related to the validity of the February 2000 writ of execution in its order denying turnover relief. We agree that these findings and conclusions are superfluous, as they are immaterial to the trial court's denial of turnover relief. Regardless of whether the February 2000 writ operated to extend the judgment, the trial court's finding that Rutland failed to establish ownership of the judgment debt bars turnover relief. Because these findings and conclusions have no legal effect, Longoria cannot show that he was aggrieved by the trial court's order denying turnover relief. *See Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex. 1973) (holding that appealing party may not complain of errors that do not injuriously affect him) (citing *Shell Petro. Corp. v. Grays*, 114 S.W.2d 869, 870 (Tex. 1938) (dismissing writ of error because "no injury has occurred to the complaining party," and therefore nothing is presented for review "but an academic question of law")). In light of the fact that Longoria's interests were not adversely affected by the judgment denying Rutland's request for turnover relief, we hold that Longoria lacks standing to appeal.[4] Accordingly, we dismiss this appeal for want of jurisdiction.

---

[4] While Longoria argues that Rutland is likely to rely on the trial court's findings and conclusions related to the February 2000 writ in subsequent debt collection proceedings, we note that these findings and conclusions have no res judicata or collateral estoppel effect. As this Court held in *Central Power & Light Co. v. Public Utility Commission of Texas*:

*See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993) (stating that

standing is component of subject-matter jurisdiction and may be raised by court on its own motion).

**CONCLUSION**

We dismiss this appeal for want of jurisdiction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Dismissed for Want of Jurisdiction

Filed:   September 30, 2010

---

A challenge to superfluous findings is tantamount to appealing dicta in a court opinion.  It is well settled that, as a general rule, dicta has no precedential value.  It follows that the findings and conclusions at issue here would likewise have no res judicata or collateral estoppel effect in future proceedings.

36 S.W.3d 547, 562 (Tex. App.—Austin 2000, pet. denied) (citations omitted).  This reasoning applies equally to the present case, where the superfluous findings and conclusions made by the trial court would not be binding in any future proceedings.

6