TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00392-CV






Shelby Longoria, Appellant


v.


Wayne Rutland, Appellee






FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 11091, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Shelby Longoria appeals from the trial court's order granting his motion
to reconsider a prior order granting an application for turnover relief filed by appellee
Wayne Rutland. Longoria was the prevailing party in the trial court proceedings, but seeks to appeal
certain superfluous findings of fact and conclusions of law issued by the trial court. Because
Longoria was not aggrieved by the trial court's judgment and therefore lacks standing to bring this
appeal, we dismiss the appeal for want of jurisdiction.


BACKGROUND

 In January 1987, Rutland sued Longoria to collect on a promissory note owed by a
partnership in which Longoria was a partner. Longoria agreed to a judgment on the debt, and on
May 19, 1987, the trial court entered judgment awarding Rutland $180,495.66, plus $6,000 in
attorney's fees. The judgment went uncollected, and on January 10, 1997, a writ of execution was
issued and returned nulla bona. (1) This writ, issued just under ten years after the judgment was
rendered, served to extend the judgment for another ten years under section 34.001 of the civil
practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. § 34.001 (West Supp. 2009). 
Section 34.001 provides that a judgment becomes dormant unless a writ of execution is issued within
ten years after rendition of the judgment. Id. § 34.001(a). If a writ of execution is issued within
ten years of rendition, the judgment becomes dormant ten years after issuance of the writ, unless a
second writ of execution is issued within ten years of the first writ. Id. § 34.001(b). Once a
judgment becomes dormant, no writ of execution may issue unless the judgment is revived. Id.; see
also id. § 31.006 (West 2008) (governing revival of judgments). 

 In August 2008, Rutland filed an application for turnover relief and appointment of
a receiver, asserting that the judgment remained unsatisfied. After a hearing, the trial court granted
Rutland's requested relief. Longoria then filed a motion to reconsider the turnover order, arguing
that the original judgment fell dormant ten years after the writ of execution was issued in
January 1997, and was therefore unenforceable because it had never been revived.

 At the hearing on Longoria's motion to reconsider, there was some discussion of the
existence of a second writ of execution, purportedly issued on February 7, 2000, and returned nulla
bona. This second writ was not entered in the trial court's execution docket, nor was it properly filed
in the trial court at the time of the hearing. (2) Longoria disputed the authenticity and validity of the
document purportedly representing the February 2000 writ, but the trial court ultimately concluded
that it was valid, stating, "The Court observes that it has what was the customary form used by the
clerk back then." Based on the existence of this February 2000 writ, the trial court reached the
conclusion that the original judgment did not become dormant ten years after the first writ was issued
on January 10, 1997, but was extended for ten more years after the February 2000 writ. (3) 

 Longoria also argued at the reconsideration hearing that even if the February 2000
writ operated to extend the judgment, Rutland had failed to show that he was the current owner of
the judgment, as he had previously assigned his interest in the judgment to certain third parties. The
trial court agreed and issued an order granting the motion to reconsider and denying Rutland's
request for turnover relief on the ground that Rutland had not established that he was the owner of
the judgment at the time he initiated the turnover proceedings. The trial court's order also included
the following findings of fact and conclusions of law:

 

 Findings of Fact

1. The document filed in the District Clerk's office on February 19, 2009, Writ
of Execution, is genuine and was originally issued by the then duly elected
and serving District Clerk of Burnet County, Texas.


2. Said document bears the original signature of District Clerk Kathy Barrow of
which the Court takes judicial notice, having been thoroughly familiar with
her signature for many years.


3. The date of issuance on the face of said document is February 7, 2000.


4. Such date is less than 10 years from the date of the issuance of the preceding
Writ of Execution, the issuance of which is not contested.


5. The document bears a receipt stamp of the Sheriff of Hidalgo County, Texas
dated February 10, 2000.


6. The document was received by such Sheriff on that date.


7. On the same date, the Sheriff endorsed the return "nulla bona" on the form
provided.


8. The document was not "returned" until February 19, 2009, the date of actual
filing in the office of the District Clerk of Burnet County.


9. The Judgment the subject of this action was assigned to Thomas Glen
McMichael, et al on March 29, 2000.


10. At the time of the instant action for collection of the judgment, Thomas Glen
McMichael, et al remained the record owner of the Judgment insofar as the
Court's records indicate.


Conclusions of Law


1. The document dated February 7, 2000 is a validly issued Writ of Execution.


2. Said Writ was issued in time to keep the Judgment "alive."


3. The said Writ was delivered to an officer for execution within the period of
time required by law.


4. The late return of the said Writ on February 19, 2009 does not vitiate the
effect of the issuance of the Writ to renew the judgment in February of 2000.


5. The Judgment date has been extended until 10 years after February 7, 2000.


6. The nominal plaintiff, Wayne Rutland, was not authorized on
August 18, 2008 to institute the Application for Turnover Relief.

 Longoria filed a motion to modify the judgment, requesting that the trial court delete
those findings and conclusions related to the validity of the February 2000 writ of execution. The
trial court denied Longoria's motion to modify, and this appeal followed.


DISCUSSION

 In a single issue on appeal, Longoria argues that the trial court erred in making
superfluous findings of fact and conclusions of law related to the validity of the February 2000 writ
of execution in its order denying turnover relief. We agree that these findings and conclusions are
superfluous, as they are immaterial to the trial court's denial of turnover relief. Regardless of
whether the February 2000 writ operated to extend the judgment, the trial court's finding that
Rutland failed to establish ownership of the judgment debt bars turnover relief. Because these
findings and conclusions have no legal effect, Longoria cannot show that he was aggrieved by the
trial court's order denying turnover relief. See Jackson v. Fontaine's Clinics, Inc., 499 S.W.2d 87,
92 (Tex. 1973) (holding that appealing party may not complain of errors that do not injuriously affect
him) (citing Shell Petro. Corp. v. Grays, 114 S.W.2d 869, 870 (Tex. 1938) (dismissing writ of error
because "no injury has occurred to the complaining party," and therefore nothing is presented for
review "but an academic question of law")). In light of the fact that Longoria's interests were not
adversely affected by the judgment denying Rutland's request for turnover relief, we hold that
Longoria lacks standing to appeal. (4) Accordingly, we dismiss this appeal for want of jurisdiction. 
See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993) (stating that
standing is component of subject-matter jurisdiction and may be raised by court on its own motion).

 

CONCLUSION

 We dismiss this appeal for want of jurisdiction.



__________________________________________

 Diane M. Henson, Justice 

Before Justices Patterson, Puryear and Henson

Dismissed for Want of JurisdictionFiled: September 30, 2010
1. A writ of execution is returned nulla bona when the judgment debtor has no seizable
property within the jurisdiction. See Wilson v. Dvorak, 228 S.W.3d 228, 230 n.1 (Tex.
App.--San Antonio 2007, pet. denied).
2. At the hearing, the trial court noted that the writ had been "in the file actually loose." The
writ was later filed in the trial court on February 19, 2009, after the trial court allowed Rutledge to
supplement the record. 
3. The record reflects that another writ of execution was issued on February 2, 2007. Because
this February 2 writ was issued more than ten years after the first writ was issued on
January 10, 1997, the February 2, 2007 writ could not have prevented the judgment from becoming
dormant if in fact the February 7, 2000 writ was not valid. See Tex. Civ. Prac. & Rem. Code Ann.
§ 34.001 (West Supp. 2009). 
4. While Longoria argues that Rutland is likely to rely on the trial court's findings and
conclusions related to the February 2000 writ in subsequent debt collection proceedings, we note that
these findings and conclusions have no res judicata or collateral estoppel effect. As this Court held
in Central Power & Light Co. v. Public Utility Commission of Texas:


A challenge to superfluous findings is tantamount to appealing dicta in a court
opinion. It is well settled that, as a general rule, dicta has no precedential value. It
follows that the findings and conclusions at issue here would likewise have no res
judicata or collateral estoppel effect in future proceedings.


36 S.W.3d 547, 562 (Tex. App.--Austin 2000, pet. denied) (citations omitted). This reasoning
applies equally to the present case, where the superfluous findings and conclusions made by the trial
court would not be binding in any future proceedings.