**Opinion issued September 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00760-CV

_____

**CAROLYN P. AUSTIN, Appellant**

**V.**

**COFACE SEGURO DE CREDITO MEXICO, S.A. DE C.V. AS ATTORNEY BY ENDORSEMENT FOR BANCO MONEX, S.A., INSTITUCION DE BANCO MULTIPLE AND MONEX GRUPO FINANCIERO, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-45802**

---

## O P I N I O N

In this appeal, we determine whether differences in naming conventions nullify notice of an abstract of judgment. A bank obtained a judgment in Mexico and later registered it in Texas state court, using the debtor's full name, which

includes a first and a second surname. The bank then abstracted the authenticated judgment in the county records; the county clerk indexed the judgment using the second surname of the debtor and included the first surname among the debtor's other first names. Later, the bank determined that the debtor owned a home in Texas and had sold the home to a third-party buyer.

The bank sought foreclosure of the home in satisfaction of its judgment lien. The buyer contests the bank's lien, contending that the bank was obligated to secure an index under the first surname listed in the abstract of judgment to enforce their lien on the property because the warranty deed that conveyed the property named the seller by his first name and first surname only. The bank responds that the chain of title for the property includes the debtor's full name as it is contained in the abstract of judgment. On cross-motions for declaratory relief, the trial court found in favor of the bank. Because the abstract of judgment meets the statutory requirements and the debtor's full name is also found in the property's chain of title as indexed under both surnames, we affirm.

## BACKGROUND

The judgment debtor is Rafael Augusto Martin Ojeda Miranda. The bank's agent seeking to enforce the judgment lien is Coface Seguro de Credito Mexico, S.A. de C.V. as Attorney by Endorsement for Banco Monex, S.A., Institucion de Banco Multiple and Monex Grupo Financiero ("Coface"). Carolyn Austin is the

buyer who purchased the home from Ojeda Miranda.  The facts are undisputed, placed along this timeline:

In October 2011, Ojeda Miranda purchased a house located at 3614 St. Tropez Way in Houston, Harris County, Texas. He is named in the warranty deed as "Rafael Ojeda."

In July 2012, Coface filed a notice of lis pendens in Harris County, which described a pending lawsuit styled *In Coface Seguro de Credito Mexico, S.A. de C.V., et al. v. Miranda* in Harris County District Court.  The notice describes the lawsuit as one that "involves the enforcement of an encumbrance against real property" in Harris County, Texas.  The notice names "Rafael Augusto Martin Ojeda Miranda" as the defendant and lists other names: "Rafael Ojeda a/k/a Rafael Miranda a/k/a Rafael Augusto Martin Ojeda Miranda."  The notice reveals that the suit involves real property located at 3614 St. Tropez Way.  The then-pending lawsuit alleged that Ojeda Miranda had converted funds from a Mexican bank and used them to purchase the St. Tropez Way property.

In October 2012, Coface filed a release of this lis pendens in the real property records.  The lien release again named the defendant as "Rafael Ojeda a/k/a Rafael Miranda a/k/a Rafael Augusto Martin Ojeda Miranda."

3

In April 2013, Coface registered a Mexican judgment in Bexar County, Texas against "Rafael Augusto Martin Ojeda Miranda" in the principal amount of $1,149,627.61.

In May 2013, Coface filed an abstract of the registered foreign judgment in Harris County, naming "Rafael Augusto Martin Ojeda Miranda" as the judgment debtor. The abstract recites that Ojeda Miranda is a Mexican national with a last known address at 3614 San Tropez Way in Harris County, Texas.

The Harris County Clerk indexed the abstract of judgment under the last name "Mirandas," instead of "Miranda;" thus, the real property record index recited "Mirandas Rafael Augusto Martin Ojeda." The Harris County Clerk did not cross-index the judgment under the "Ojeda" paternal surname. The Harris County Clerk averred in an affidavit that, in ordinary practice, a clerk in his office checks for compliance with the statutory requirements for an abstract of a judgment lien, records the abstract if the abstract appears to meet these requirements, and then indexes the abstract according to the last surname of a party. He averred that the index listing the judgment debtor's last surname as "Mirandas" rather than "Miranda" was an error, but that any search under "Miranda" would reveal the existence of the abstract of judgment.

In July 2013, Austin purchased the St. Tropez Way house from Ojeda Miranda, who conveyed the property by a warranty deed naming "Rafael Ojeda

and wife, Liyian E. Cordova" as grantors. Ojeda Miranda produced his Mexican passport as identification at the pre-closing meeting, which contained his full name, "Rafael Augusto Martin Ojeda Miranda." Austin's title insurer also discovered the 2012 notice of lis pendens and against Ojeda Miranda, styled "Rafael Ojeda a/k/a Rafael Miranda a/k/a Rafael Augusto Martin Ojeda Miranda" and the similarly identified release of lien, indexed under Rafael Ojeda.

The title insurer did not search the real property records using either the name "Miranda" or "Rafael Augusto Martin Ojeda Miranda." Neither Austin nor her title insurer discovered Coface's judgment lien before closing on the house.

In August 2014, Coface obtained a writ of execution from a Bexar County District Court and sent written notice of its intent to foreclose on its lien on the St. Tropez Way house to Austin's title insurer. Austin then brought this suit, seeking a declaration that Coface's lien does not encumber the St. Tropez Way property.

On cross-motions for summary judgment, the trial court denied Austin's relief and granted Coface's requested relief, declaring that:

(1) Coface's Abstract of Judgment, duly recorded with the Harris County Clerk on May 6, 2013 . . . perfected a lien on the real property located at 3614 St. Tropez Way . . . and

(2) [W]hen Carolyn P. Austin acquired said real property in July 2013 she took the property subject to Coface's lien.

5

**DISCUSSION**

Austin contends that Coface's lien is invalid against the St. Tropez Way property because the abstract of judgment, as indexed, does not notify potential purchasers that a judgment lien existed against "Rafael Ojeda," as he is listed on the warranty deed. She further contends that she was not required to search under names beyond the name on the face of the warranty deed conveying the property to her, and that the deed did not include the name "Miranda." Coface, on the other hand, maintains that it complied with the Texas Property Code requirements for abstracting a judgment lien, it used Ojeda Miranda's full name in its abstract of judgment, and the Harris County real property records in the chain of title for this property contain Ojeda Miranda's full name as it appears in the abstract of judgment. Thus, it contends, the trial court properly upheld the validity of its judgment lien on the property.

**I.     Standard of Review**

Both parties filed traditional motions for summary judgment seeking declaratory relief. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). We review the evidence presented by the parties in a light favorable to the party against whom the summary judgment was rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex.

6

2009). Where both parties move for summary judgment, we review both motions, determine the questions presented, and render judgment if no disputed issue of material fact exists. *See id.*

We review matters of statutory construction de novo. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). When construing a statute, our objective is to determine and give effect to the Legislature's intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In discerning that intent, we begin with the plain meaning of the statute's words. *Id.* When the statutory language is unambiguous, we apply the statute as written. *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985).

## II.  Applicable Law

An abstract of judgment constructively notifies the public that a judgment lien exists that encumbers a piece of property. *Olivares v. Nix Trust*, 126 S.W.3d 242, 247 (Tex. App.—San Antonio 2003, pet. denied). Chapter 52 of the Texas Property Code sets forth the requirements for abstracting a judgment in Texas. *See* TEX. PROP. CODE ANN. § 52.001 (West 2014). An abstract of judgment must show:

(1) the names of the plaintiff and defendant;

(2) the birthdate of the defendant, if available to the clerk or justice;

(3) the last three numbers of the driver's license of the defendant, if available;

7

(4) the last three numbers of the social security number of the defendant, if available;

(5) the number of the suit in which the judgment was rendered;

(6) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(7) the date on which the judgment was rendered;

(8) the amount for which the judgment was rendered and the balance due;

(9) the amount of the balance due, if any, for child support arrearage; and

(10) the rate of interest specified in the judgment.

*Id.*

The county clerk records "a properly authenticated abstract of judgment that is presented for recording" and "shall enter the abstract on the alphabetical index to the real property records, showing: (1) the name of each plaintiff in the judgment; (2) the name of each defendant in the judgment; and (3) the volume and page or instrument number in the records in which the abstract is recorded." *Id.* §52.004. A valid abstract of judgment attaches as a lien upon its filing in the real property records. *Id.* § 52.001.

Without the abstract of judgment filed in the real property records, the rendition of a judgment does not create a judgment lien against the property. *Noble Mortg. & Invs., LLC v. D&M Vision Invs. LLC*, 340 S.W.3d 65, 81 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Wilson v. Dvorak*, 228 S.W.3d 228, 233 (Tex. App.—San Antonio 2007, pet. denied)). Rather, to create an

enforceable lien, a judgment creditor must abstract the judgment and comply with Chapter 52's requirements. *See id.* Substantial compliance is mandatory before the judgment creditor's lien will encumber any real property in Texas. *Olivares*, 126 S.W.3d at 248. An abstract with a minor deficiency as to one element, however, may substantially comply with the statute, so long as a statutorily required element is not omitted altogether. *Id.* (holding that, where the defendant's definitive address is not shown in the suit, use of place of citation and date and place of service substantially complied with the statute). It is the judgment creditor's responsibility to ensure that the county clerk properly abstracts the judgment. *Id.* at 247.

The county clerk indexes the records alphabetically, by the names of the grantors and the names of the grantees. *See* TEX. LOC. GOV'T CODE ANN. §193.003 (West 2008). A prospective buyer can follow the chain of title for a parcel of land by finding the owner's names in the alphabetical indices and cross-referencing names as they appear in the records.

If a good faith purchaser acquires real property without actual or constructive notice of a lien, from the real property records or elsewhere, he takes the property free of the lien. *See Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001) ("Status as a bona fide purchaser is an affirmative defense to a title dispute."). But a purchaser is charged with knowledge of every "recital, reference,

9

and reservation" that appears within the chain of title. *Waggoner v. Morrow*, 932 S.W.2d 627, 632 (Tex. App.—Houston [14th Dist.] 1996, no writ) (holding that "any description, recital of fact, or reference to other documents in an instrument puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained.").

## III.  Analysis

Coface's abstract complies with Chapter 52's name requirement by listing the full name of the judgment debtor, Rafael Augusto Martin Ojeda Miranda. Austin points to no deficiency in the abstract itself, but rather challenges Coface's failure to alternatively list Ojeda Miranda's name without the maternal surname; such a listing, Austin argues, is essential to perfecting the lien against the St. Tropez Way house because the warranty deed lists only Ojeda Miranda's paternal surname. As courts and other legal sources have recognized,

> Many Spanish names are composed of both the father's and the mother's family names, usually in that order, sometimes joined by y (and). . . . [P]ersons with such names are usually referred to by both family names but sometimes by only one (usually, but not always, the first of the two family names), according to their own preference. It is never incorrect to use both.

*Munoz Santos v. Thomas,* No. 12-56506, 2016 WL 4039710 at *1 n.1 (9th Cir. July 28, 2016) (en banc) (quoting CHICAGO MANUAL OF STYLE ¶ 8.11 (16th ed. 2010));

10

*see also United States v. Benitez*, 34 F.3d 1489, 1497 n.7 (9th Cir. 1994) (discussing Hispanic naming conventions and citing prior edition of Chicago Manual of Style on same issue); *cf.* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 10.2.1(g), at 100 (COL. L. REV. ASS'N, *et al.*, eds., 20th ed. 2015) (instructing that "if a party's name is of Spanish or Portuguese derivation, cite the surname and all names following.").

We need not decide, however, whether an abstract of judgment must alternatively individually list the paternal surname without the maternal surname to effectively index the judgment because the abstract does not stand alone in identifying Ojeda Miranda in the chain of title. The real property records notice a lis pendens, which identifies Ojeda Miranda by his full name and alternatively includes "Rafael Ojeda." *See* TEX. PROP. CODE ANN. § 12.007 (requiring that a lis pendens state the names of the parties, the kind of proceeding, style and number of the case, and a description of the property affected). The notice was recorded and indexed under both "Ojeda" and "Miranda." *See id.* (requiring that a lis pendens be recorded and indexed under the name of each party). The notice expressly refers to the St. Tropez Way property.

We hold that Austin and her title insurer had constructive knowledge of Ojeda Miranda's full name because it is contained both in the abstract of judgment and in the chain of title for the property as indexed under either surname. *See*

*Noble*, 340 S.W.3d at 76 ("[E]very purchaser of land is charged with knowledge of all facts appearing in the chain of title through which he claims that would place a reasonably prudent person on inquiry as to the rights of other parties in the property conveyed."); *Waggoner*, 932 S.W.2d at 627; *see also* TEX. PROP. CODE ANN. § 13.002(a) ("An instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument"); *id.* § 13.004 ("A recorded lis pendens is notice to the world of its contents.").

Austin and her title insurer concede that they received the notice of lis pendens that identified Ojeda Miranda's full name and separately included "Rafael Ojeda." But they contend that this does not bear on the validity of Coface's abstract of judgment because Coface cancelled the lis pendens before Austin purchased the property. Both the notice and the cancellation, however, disclose that the full name of the property owner is Rafael Augusto Martin Ojeda Miranda; both were cross-indexed under both surnames, including the surname that appeared on the warranty deed. Austin thus received constructive notice that her warranty deed for the property did not list the complete name of the seller. *See id.* Austin's title insurer limited the search to "Rafael Ojeda" as it appeared in the warranty deed. Because Ojeda Miranda's full name appears in the chain of title indexed under "Ojeda" in multiple instruments that were recorded in connection with the St. Tropez Way property, it did so at its peril.

In addition, Ojeda Miranda presented his full name as identification in a Mexican passport before closing the transaction; thus, Austin had notice beyond the chain of title that Ojeda Miranda had two surnames. We reject Austin's argument that a reasonable title search may be restricted to the single surname that appears on the warranty deed when the chain of title for the property indexed under that surname and the identification provided by the property owner prior to the closing reveal that two surnames exist.

Austin cites two cases for the proposition that an abstract of judgment cannot place a lien on real property when the abstract is indexed under a different name than the name appearing in the warranty deed. Neither of them, however, involves an abstract that properly identified the judgment debtor by his full name, as Coface's abstract did in this case, and that name was identified in the chain of title under the name that appeared on the warranty deed. In *McIntire v. Sawicki*, the judgment creditor abstracted a judgment against "Frank Munger," but the judgment debtor's name was "Frank Monger." 353 S.W.2d 952, 953 (Tex. App.— Eastland 1962, writ ref'd n.r.e.). The Eastland Court of Appeals held that the abstract of judgment did not create a lien on the property because the abstract listed the wrong name. *Id.* Similarly, in *Wilson v. Dvorak*, the judgment creditor obtained a judgment against "Donna Denise Arledge." 228 S.W.3d 228, 230 (Tex. App.—San Antonio 2007, pet. denied). Arledge later married, changed her name

to "Donna Nix," and purchased property using only that name. *Id.* The San Antonio Court of Appeals held that an abstract of judgment naming "Donna Denise Arledge" as the judgment debtor was not effective because, though in technical compliance with Chapter 52, the abstract did not state on its face the debtor's legal name at the time the abstract was filed and nothing in the index under "Donna Nix" identified the judgment debtor to be "Donna Arledge." *Id.* at 234. The judgment creditor later filed an affidavit identifying "Donna Nix" as "Donna Denise Arledge," but the county clerk mistakenly indexed it under "Public" and not under "Nix, Donna." *Id.*

Unlike the facts in *Wilson,* in which the property purchaser "would have been able to ascertain the existence of the abstract of judgment only upon reviewing each and every record in the Bandera County Real Property Records," the abstract in this case contains the full legal name of the judgment debtor; that name appears in the chain of title under indexes for both surnames in reference to the disputed property; and the search under "Ojeda" alone revealed the full name of the judgment debtor. *See id.*

Finally, Austin complains that the clerk's indexing error in using "Mirandas" instead of "Miranda" prevented the perfection of the lien. Our court has held, however, that a typographical indexing error that does not affect a subsequent purchaser's ability to find the abstract will not invalidate a lien if the abstract

14

otherwise substantially complies with the Property Code. *See Gordon v. W. Houston Trees*, 352 S.W.3d 32, 40–41 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (typographical error in abstract of judgment's case number did not affect subsequent purchaser's constructive notice of lien's existence). In this case, the county clerk averred that the erroneous addition of an "s" in the index would not affect a search for the name "Miranda." Austin did not controvert this evidence. Accordingly, we hold that the county clerk's indexing error did not invalidate constructive notice of the judgment lien. *See* TEX. PROP. CODE ANN. § 52.003; *Gordon*, 352 S.W.3d at 40–41; *Wilson*, 228 S.W.3d at 233.

## CONCLUSION

The buyer of the property had constructive notice of the full legal name of the property owner because the full name was disclosed in the chain of title as indexed under both surnames. The abstract of judgment complied with the statutory requirements for perfecting a lien by listing the full name of the property owner. Accordingly, we hold that the buyer purchased the property subject to the perfected lien. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Massengale.

15